# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| JESSE GRANVILLE, JR. | * | CIVIL ACTION NO. 07-1505 |
| VERSUS | * | |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For the reasons assigned below, the decision of the Commissioner is **REVERSED**, and the matter **REMANDED** for further proceedings.

## BACKGROUND

Jesse Granville, Jr. protectively filed the instant applications for disability insurance benefits and supplemental security income payments on February 24, 2006. (Tr. 54-59). He alleged an inability to work since January 1, 2001, due to narcolepsy, diabetes, high blood pressure, and back problems. (Tr. 54, 63). The claims were denied at the initial stage of the administrative process. (Tr. 28, 35-44). Thereafter, Granville requested and received an October 11, 2006, hearing before an Administrative Law Judge ("ALJ"). (Tr. 137-169). However, in a December 8, 2006, written decision, the ALJ determined that Granville was not disabled under

the Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to work that exists in substantial numbers in the national economy. (Tr. 19-30).

Granville appealed the decision to the Appeals Council. On May 2, 2007, the Appeals Council granted his request for review on the basis that the ALJ erred as a matter of law. (Tr. 10-13). The Appeals Council remarked that due to Granville's vocational factors, a finding that he could not perform past relevant work would require a finding of disabled under the regulations. *Id*. (citing 20 C.F.R. 404.1562(a) & 416.962(a)). Instead, the Appeals Council proposed that Granville did not have a severe medically determinable impairment at all; thus, a finding of "not disabled" should be entered at Step Two of the sequential evaluation process. *Id*. The Appeals Council afforded Granville 30 days to send additional evidence or a statement concerning the facts and law of the case. *Id*. Following the delay, the Appeals Council determined that Granville was not disabled under the Act, finding at Step Two of the sequential evaluation process that he did not have a severe impairment. (Tr. 3-8).[1]

On September 11, 2007, Granville sought review before this court. He alleges that the Appeals Council erred when it failed to consider his letter, dated May 31, 2007. He further argues that the Commissioner should have found him disabled as a "worn out worker."

**Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa*

---

[1] The July 12, 2007, written decision represents the Commissioner's final decision in this matter. (Tr. 3).
Although plaintiff's counsel sent a May 31, 2007, letter to the Appeals Council, the Appeals Council stated that it did not receive any comments or additional evidence. (Tr. 6; Pl. Exh. 1).

2

*v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

### Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a

3

broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520. The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any

step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The Appeals Council determined at Step Two of the sequential evaluation process that Granville suffers from medically determinable impairments of narcolepsy, diabetes, high blood pressure, and back problems. (Tr. 7). The Appeals Council concluded, however, that they did not constitute severe impairments under the Act. *Id*. Plaintiff contends that the Commissioner should have found him disabled. Plaintiff's argument necessarily challenges the sufficiency of the Commissioner's Step Two determination.

The regulations notwithstanding, the Fifth Circuit has determined that "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000). The Fifth Circuit presumes that the ALJ and Appeals Council applied an incorrect severity standard unless they reference the correct standard or include an express statement setting forth the Fifth Circuit standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

In this case, the Appeals Council concluded that Granville's impairments did not have "more than a minimal effect on ability to do work activity." (Tr. 7). With regard to plaintiff's back pain, however, the Appeals Council stated that his treatment and test results were "inconsistent with *significant* limitations." *Id*. (emphasis added). Thus, while the Appeals Council acknowledged the correct severity standard, they seemingly applied an incorrect standard

5

to plaintiff's back impairment.

Moreover, the record does not support a finding that plaintiff's back impairment has no more than a minimal effect on his ability to work. The consultative examiner, John McDonald, M.D., opined that plaintiff could lift and carry "at least 20 pounds." (Tr. 101-103). Whether McDonald contemplated an upper lifting restriction is ambiguous. The only other record evidence addressing Granville's ability to lift and carry is his own testimony that he could lift between 50 to 75 pounds. (Tr. 150). The ALJ appeared to credit this testimony when he adopted a residual functional capacity for medium work. (Tr. 27). By definition, an exertional capacity for medium work more than minimally affects a claimant's ability to work – especially when his past relevant work was performed at the "very heavy" exertional level. (Tr. 160-161). The Appeals Council's decision, however, does not provide any substantially supported basis for failing to credit plaintiff's testimony.[2]

With regard to plaintiff's narcolepsy, the Appeals Council discounted its significance by citing his hearing testimony and a medical record indicating that his condition had improved with CPAP use. (Tr. 94, 145-147). However, more recent treatment records and plaintiff's testimony reveal ongoing problems with excessive sleepiness which occasionally causes plaintiff to fall

---

[2] The Appeals Council cited record evidence indicating that plaintiff did not take any medication. (*See*, Tr. 112-113; 101). However, the same evidence reveals complaints of lumbar pain. *Id*.

The Appeals Council further stated that its Step Two determination was supported by the state agency's determination that plaintiff had no severe impairment. However, the record does not contain an evaluation by a state agency medical consultant. The state agency Disability Determination and Transmittal form was signed solely by a disability examiner. A disability examiner is not a medical doctor, and his opinion is not considered an acceptable medical source statement or afforded the same weight as an opinion by a medical or psychological consultant of the state agency. *See*, 20 C.F.R. 404.1527(f), 416.927(f); 404.1513(d)(3) and 416.912(d)(3).

asleep in the midst of daily activities, despite CPAP use. (Tr. 124, 128, 152-153). In fact, the ALJ necessarily credited this evidence because he found that plaintiff was precluded from working around heights or operating dangerous machinery. (Tr. 27).[3]

In sum, the undersigned finds that the Commissioner's determination that plaintiff was not disabled, rendered at Step Two of the sequential evaluation process, is not supported by substantial evidence.[4] Accordingly,

The Commissioner's decision is **REVERSED**, and the matter **REMANDED** for further proceedings in accordance with this opinion.

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of September, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] The consultative examiner also did not rule out limitations due to plaintiff's narcolepsy. (Tr. 103).

[4] Plaintiff urges the court to remand with instructions to award benefits. The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See, Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits). The instant record is not so disposed. While the Commissioner's Step Two rationale is not substantially supported by the current record, additional development could remedy the deficiencies.

7