UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JESSIE GRANVILLE, JR.** | * | **CIVIL ACTION NO.   07-1505** |
| **VERSUS** | * | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the court is plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 21].[1]  The Commissioner has filed a response taking no position on the reasonableness of the fee request.  [doc. # 23].[2]  The matter is now before the court.[3]

Section 406(b) provides that

[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment.

[2] Although the Commissioner has no direct financial interest in the § 406(b) award, he acts as a trustee on behalf of the claimant.  *Gisbrecht v. Barnhart*,  535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

[3] The instant motion is arguably untimely.  *See*, *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed.R.Civ.P. 54(d)(2).  However, in another similarly postured case, plaintiff's counsel explained why he waited to file his motion for § 406(b) fees.  *See, Mason v. Astrue*, Civil Action Number 05-2134, doc. # 24 (W.D. La. 6/19/07).  As in *Mason*, the court finds that counsel has satisfied the "excusable neglect" exception set forth in Federal Rule of Civil Procedure 6(b)(2).  *See, Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 2003 WL 21756344 (5th Cir. 2003) (unpubl.) (citing Fed.R.Civ.P. 6(b)(2)).

> representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In their § 406(b) analysis, the district courts are required to review contingent fee agreements to assure that they are reasonable under the circumstances. *Gisbrecht, supra*. For fees within the 25 percent boundary, the burden remains with the claimant to show that "the fee sought is reasonable for the services rendered." *Id*.

The instant plaintiff obtained a favorable judgment that reversed and remanded the matter for further proceedings. (September 24, 2008, Judgment [doc. # 16]). Upon remand, the Commissioner awarded plaintiff past benefits totaling $41,359.40. (SSA Notice of Award; Exh. to John Ratcliff Affidavit). From this sum, the Commissioner withheld 25 percent ($10,339.85) to satisfy any payment owed to the claimant's attorney under the terms of a valid fee agreement between Granville and his attorney. *Id*. The Commissioner then approved a fee award of $6,000 for work performed before the agency, and retained the remaining $4,339.85 of the withheld funds in the event that counsel obtained a fee award for work performed at the district court level. *Id*. Plaintiff's counsel now seeks to recover the remaining balance of $4,339.85 as a reasonable fee for representation before this court, under the terms of his contingency agreement with plaintiff.

The court's analysis begins with the fee agreement. *Gisbrecht, supra*. In support of the instant motion, counsel submitted a September 7, 2007, Social Security Disability Benefit Retainer Agreement (AC-DCt) ("Contract") that was signed by plaintiff and his counsel. (Exh. to

John Ratcliff Affidavit). The Contract provides that counsel will receive 25 percent of the past-due benefits resulting from a favorable resolution of plaintiff's claims. *Id.*

Under *Gisbrecht*, the court must also determine whether the fee specified in the agreement is reasonable. *Gisbrecht, supra*. Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht, supra*.

Here, plaintiff's counsel obtained a favorable outcome, with no indication of undue delay on his part. In his supporting affidavit, plaintiff's counsel averred that he spent 16.2 hours representing his client before the court. (Ratcliff Affidavit). However, upon review of the invoice attached to plaintiff's EAJA fee petition, it is manifest that prior to the EAJA petition, counsel expended only 11.6 hours prosecuting this matter in federal court. (December 1, 2008, Invoice, Exh. to Ratcliff Aff. [doc. # 17-2]). The additional hours listed by counsel on the current January 7, 2010, invoice, principally reflect time associated with fee collection efforts before the agency.[4] In its assessment of 406(b) fees, however, the court may not consider time spent by counsel in administrative proceedings before the Commissioner. *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), abrogated on other grounds by *Gisbrecht v. Barnhart, supra*.

Thus, if plaintiff's counsel were to receive his requested reimbursement as allowed under the Contract for work performed before this court ($4,339.85) then he will have been compensated at an hourly rate of $374.13 ($4,339.85/11.6 hrs). Counsel has averred that he no

---

[4] Approximately one hour of counsel's time is arguably associated with the preparation and filing of the EAJA fee petition.

longer bills by the hour, but that he formerly charged $ 180.00 per hour.[5] Counsel's requested fee award in this case would result in an hourly rate 2.08 times greater than his ordinary billing rate. This multiplier is well within the range of awards upheld by this and other courts. *See, Randolph v. Astrue*, Civil Action No. 05-1692 (W. D. La. 6/27/2007) (fee award reduced to five times normal billing rate); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (and cases cited therein); *Jeter v. Astrue*, Civil Action No. 06-0081 (W. D. La.) (award reduced to 2.5 times counsel's ordinary billing rate).

Upon due consideration of the foregoing circumstances, the court finds that counsel's requested fees pursuant to the Contract are not unreasonable. Accordingly, by separate order, the court will grant plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 21] and award fees in the amount of $4,339.85, subject to counsel's obligation to refund to his client previously awarded EAJA fees in the amount of $1,449.97. *See*, December 29, 2008, Order; *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988) (and cases cited therein) (counsel must return the smaller of two fee awards).

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of February 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[5] *See*, EAJA application, Ratcliff Affidavit [doc. # 17].